UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BATTLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> ARLEN HATTLE, BERNARD WARNER, STEPHEN LARD, LAURENCE MAYS, K. BRUNER, ELDON VAIL, <br><br> Defendants. | CASE NO. C13-5086 BHS/KL <br><br> ORDER DENYING MOTION TO COMPEL AND FOR SANCTIONS |

On September 9, 2013, Plaintiff filed a motion to compel the production of a video surveillance tape and for costs. ECF No. 29. Plaintiff agrees that his motion to compel is now moot because he viewed the video tape on September 30, 2013. ECF No. 37-1, Declaration of Douglas W. Carr, § 3; ECF No. 38. Plaintiff continues to seek, however, "a reasonable award for the loss of [his] resources" because of the delay and because he had to file a motion to compel before the issue was addressed. ECF No. 38. The Court finds that Plaintiff's motion should be denied in its entirety.

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel discovery "is granted in part and denied in part, the court may ... apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C) (emphasis added). Additionally, Rule 37(a)(5)(A) provides that a court must not award expenses if, among other things, "the opposing

1 party's nondisclosure, response, or objection was substantially justified; or ... other

2 circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A).

3    The relevant facts are not in dispute.  Defendants failed to arrange for Plaintiff's viewing

4 of the Stafford Creek Corrections Center (SCCC) surveillance video while Plaintiff was still

5 incarcerated at SCCC.  A further delay occurred when Plaintiff was transferred to Monroe

6 Correctional Center (MCC).  At that time, Defendants' counsel requested that personnel at

7 SCCC make the video available at MCC for Plaintiff's viewing.  For some unknown reason, that

8 request was not honored and it was not until after Plaintiff filed a motion to compel and

9 Defendants' counsel returned from a month long absence, that appropriate arrangements were

10 made and Plaintiff viewed the video on September 30, 2013. ECF Nos. 37, 37-1 Carr Decl., and

11 38.

12   These facts do not warrant the assessment of fees.  First, sanctions under Rule 37(a)(5)

13 are awarded when a motion to compel is granted.  Here, Plaintiff was able to view the video and

14 therefore, his motion to compel is moot and will be denied.  In addition, the Court finds no

15 dilatory or bad faith behavior warranting the imposition of sanctions.

16   Accordingly, it is **ORDERED:**

17   1) Plaintiff's motion to compel (ECF No. 29) is **DENIED as moot;** Plaintiff is not

18 entitled to fees and/or sanctions.

19   2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

20   **DATED** this 9th day of October, 2013.

Karen L. Strombom
United States Magistrate Judge